THE Rio Grande Railway Company v. Francisco Armendiaz.

No. 313.

1. **Trustees can not Speculate in Trust Property.** — A trustee in charge of a railway, and managing it for the bondholders, occupies toward it such fiduciary relation as will prevent him from buying up its obligations at a discount, and making a profit on them.

2. **Bondholders may Buy Second Mortgage Bonds.**—A bondholder and stockholder in the railway company is not thereby prevented from buying second mortgage bonds of the company by reason of fiduciary relations to the company.

3. **Railway Bonds, Stockholder's Right of Purchase.**—C. was managing trustee of the railway. A. was a stockholder and holder of first mortgage bonds. They discussed the matter of a purchase of an outstanding second mortgage upon the road for $50.000, and A. afterwards bought it for $15,872, and a few months afterwards transferred a half-interest to C. These facts disclose no such action on A.'s part as would render him liable to account to the railway company for the profits of such purchase; and even if the purchase was originally

made for the benefit of C. and A., A.'s half-interest would not enure to the benefit of the railway.

4. **Recitals, Contradiction of by Oral Evidence.** — Recital in the transfer by A. to C. of the half-interest in the mortgage stated that half the purchase money was furnished by C., and that half the debt secured thereby was the property of C. A. was not thereby estopped from denying said recital, and proving the contrary by oral testimony, and no special pleading was necessary to enable A. to do so.

APPEAL from Cameron. Tried below before Hon. JAMES C. RUSSELL.

*Hume & Kleberg*, for appellant.—1. If a trustee or other fiduciary buys up a debt or encumbrance against his cestui que trust at less than its full amount, he can not retain the benefit of the discount, but must, upon being reimbursed the sum expended by him, surrender and deliver such debt or encumbrance to his cestui que trust. And a third person, who, after a mutual understanding with such a trustee and a knowledge of his fiduciary relations, joins in such purchase and obtains with him a joint or indivisible interest therein, acquires no greater right as against the cestui que trust than said trustee or fiduciary, and can take no benefit from his said joint purchase; but his interest in said purchase, alike with that of the trustee, enures to the benefit of the cestui que trust. Heath v. Railway, 8 Blatch., 398; 1 Perry on Trusts, sec. 428; 2 Perry on Trusts, sec. 877; 1 Story on Eq. Jur., secs. 321, 322; Pooley v. Quilter, 2 De G. & J., 327; Fosbrooke v. Balguy, 1 My. & K., 226.

2. The evidence of the appellee contradicting recitals was inadmissible, because not covered by any of the exceptions to the rule which forbids the admission of evidence to contradict a written instrument; and it was not admissible in this case, because no basis or predicate for its introduction was laid by proper averments in the pleadings of the parties. Rice on Ev., sec. 157, and authorities.

*Simpson & James*, for appellee.—1. A trustee or other officer or agent of a corporation can not purchase a corporate indebtedness, and be permitted, against the will of the beneficiary, to obtain a profit therefrom. The beneficiary may assume the advantages of the purchase. This rule affecting trusts does not and can not extend in any degree to prevent a person not occupying a fiduciary relation to the company from investing his own funds in the purchase of the corporate indebtedness; and there is no reason or policy of law which entitles the corporation under such circumstances to demand the benefits of such person's investment. 1 Perry on Trusts, secs. 428–431; Cook on Stocks and Stockh., secs. 4, 660; Pome. on Eq., secs. 885, 1077; Thomp. on Lia. of Stockh., sec. 394.

2. Testimony offered for the purpose of varying a receipt or recital in respect to consideration contained in a writing, is not contrary to the

rule that parol evidence is not admitted to vary the terms of a writing; and hence the testimony offered upon this trial to show the correct date or the mode of payment of the consideration of the transfer from Armendiaz to Celaya was not an error. This was not rescinding or setting aside the writing, and required no special pleadings. 1 Rice on Ev., 288; 1 Greenl. on Ev., sec. 305; Ins. Co. v. Davidge, 51 Texas, 250; Bish. on Con., sec. 176; Pool v. Chase, 46 Texas, 210; Stachely v. Pierce, 28 Texas, 328; Wood's Prac. Ev., 83; Bige. on Estop., 315.

GARRETT, CHIEF JUSTICE. — The Rio Grande Railway Company brought this suit, in the District Court of Cameron County, against Francisco Armendiaz and Simon Celaya, to compel them to surrender to it, upon repaying them the amount, with interest, which they had paid for the same, a second mortgage on the railway property and corporate franchises of plaintiff, executed by it to William Railton, of Manchester, England, to secure said Railton the payment of $50,000 due to him by plaintiff.

Plaintiff averred, that the defendant Armendiaz, at the time the said second mortgage was purchased, was and had been continuously for many years prior thereto a large owner and holder of the capital stock and of a large amount in value of the first mortgage bonds of the said railway company; that at said time, and for several years continuously prior thereto, the said Celaya, as managing trustee under the first mortgage or trust deed, had been in the sole and exclusive possession, management, control, etc., of and in all things operating the said railway for the benefit of the holders of said first mortgage bonds, and among others of the said Armendiaz; that during the period of his said management the said Celaya, as such trustee, on many different occasions paid to the said Armendiaz large sums of money upon the interest and principal of the first mortgage bonds held by him, and said Armendiaz had many dealings, meetings, interviews, etc., with the said Celaya as such managing trustee, and had full knowledge of the active trusteeship of the said Celaya, and of the matters set out in the petition. That on or about the 1st day of January, A. D. 1887, and on divers days and dates thereafter, up to and including the said 25th day of January, A. D. 1887, the defendants entered into a verbal agreement each with the other, that the said Armendiaz should endeavor to purchase said second or Railton mortgage for their joint and common use, benefit, ownership, and profit, in equal moities, of the said Celaya and himself, and so hold the same and the proceeds thereof. Then followed the allegation, that on January 25, 1887, the defendants, in accordance with their previous agreement as alleged, jointly purchased the said second mortgage for the sum of $20,000 in Mexican eagle coin, worth in lawful money of the United States $15,872; and that inasmuch as the said Celaya was the trustee for all parties interested in said railway, and the said Armendiaz had full knowledge of the facts,

set out, said purchase enured to the benefit of plaintiff and its stockholders upon repayment to them by plaintiff of the amount so paid, with interest, which plaintiff offered to do; and prayed judgment that defendants be compelled to receive the same in satisfaction of said mortgage, etc.

The defendant Celaya answered, offering to surrender his interest in the mortgage on repayment of the money paid out by him therefor, with interest.

Armendiaz answered, that he was the owner of one-half interest in the mortgage, but denied generally all the allegations in the petition.

The case was tried without a jury, and resulted in a judgment in favor of the defendant Armendiaz, and in favor of the plaintiff as to the defendant Celaya.

Briefly stated, the facts are:

1. On January 25, 1887, and for sometime prior thereto, as well as subsequently, the appellee, Simon Celaya, and F. San Roman had the management of the appellant's railroad and other property as trustees under the first mortgage of said railroad. Celaya was the active managing trustee of the railroad.

2. On the date mentioned Armendiaz bought from the owners thereof the second or Railton mortgage, amounting to $50,000, for $15,872, and the transfer was made in his name. A few months afterwards he transferred a one-half interest therein to the defendant Celaya. Armendiaz was a large holder of the first mortgage bonds of the plaintiff company, and had many dealings and interviews with Celaya as managing trustee of the railroad, and full knowledge of his active trusteeship. He made an offer to Celaya to join him in the purchase of the mortgage before it was made, and they consulted appellant's attorney as to the validity of the mortgage, and what he thought about buying it; and being advised that it was valid, and that it would be an excellent idea to buy it, for in the hands of strangers it might become a dangerous weapon, Armendiaz purchased it.

3. There is a conflict in the testimony as to whether or not Celaya was interested in the purchase of the mortgage when it was bought and transferred to Armendiaz; but the evidence is sufficient to support the conclusion that Celaya was not an original purchaser with Armendiaz, but bought one-half interest therein some months afterwards.

4. When the directory of appellant learned of the purchase of appellees, it at once tendered them the amount of purchase money expended by them, and demanded of them the transfer and delivery of the mortgage, which was declined, though Celaya expressed a willingness to surrender his interest.

*Conclusions of Law.*— 1. It is not disputed that Celaya, as trustee of the bondholders, in charge of and managing appellant's railroad, occu-

pied toward it such fiduciary relation as prevented him from buying up its obligations at a discount and making a profit thereon; nor is it contended that as a stockholder in the appellant corporation and an owner of a part of the bonds secured by the first mortgage on its railroad and other property, the appellee, Armendiaz, was prevented from buying the bonds by reason of any fiduciary relations to the appellant as such stockholder and owner of its bonds. The contention is, that the purchase of Armendiaz should enure to the benefit of the appellant, because of his participation with the trustee, Celaya, with knowledge of his fiduciary relations. Armendiaz was not a purchaser from Celaya with knowledge of a trust, nor do the facts disclose any such action on his part in the purchase of the mortgage as would render him liable to account to the company for the profits. Even if it should be conceded that the purchase was made for the joint benefit of both of the defendants, there was nothing shown by the evidence that would make the purchase, as to the interest of Armendiaz, enure to the benefit of the plaintiff.

2. The written transfer from Armendiaz to Celaya, put in evidence by the defendant without objection, contained the following recital: "And whereas, $10,000 in Mexican eagle coin, or that is to say, one equal half of the purchase price paid by me, the said Francisco Armendaiz, as aforesaid, for said second mortgage of the said Rio Grande Railway Company and the debt secured thereby, was the property of and furnished for that purpose by Simon Celaya, of the city of Brownsville, in the county of Cameron and State of Texas; and whereas, one-half of said second mortgage of the said Rio Grande Railway Company and the debt secured thereby is, by force of the facts above stated, the property of said Celaya."

Defendants then offered oral testimony to prove that the recital did not state the facts, and that the true facts were, that not until several months after the defendant Armendiaz acquired the mortgage in question did he make the arrangement with Celaya to transfer the one-half interest to him. The evidence was admitted, over the objection of the plaintiff that the defendants were estopped from denying any of said recitals, and because no foundation or predicate had been laid in any of the pleadings. Neither objection is well taken. Hicks v. Morris, 57 Texas, 661; Pool v. Chase, 46 Texas, 210, and other authorities cited by appellee. But the error, if any, becomes immaterial, when it is considered that plaintiff would not be entitled to recover against Armendiaz, although he and Celaya bought the mortgage jointly.

There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Delivered October 19, 1893.

Writ of error refused by the Supreme Court, January 3, 1894.